RECEIVED

SEP 18 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

BILLY R. DICKSON

CRIMINAL NO. 02-50039-01
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is Billy R. Dickson's ("Dickson") motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. See Record Document 87. Based on the following, Dickson's motion is **DENIED**.

### I. BACKGROUND

Dickson was indicted on May 23, 2002, and was sentenced on November 24, 2003. Judgment was entered on December 1, 2003, and Dickson did not appeal his conviction or sentence. On November 3, 2009, this court denied a petition for reduction of sentence filed by Dickson, concluding that no authority existed at that point in time to alter the sentence. See Record Document 64. Thereafter, Dickson filed several other motions citing different provisions of federal law in an attempt to reduce his sentence. See Record Documents 66, 68 and 70. When all of his motions were denied, Dickson appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed this court's denials of relief. See Record Document 79.

Thereafter, Dickson continued to file more motions to reduce his sentence, which were also denied. See Record Documents 81-84. Currently before the court is a motion filed pursuant to 28 U.S.C. § 2255. See Record Document 87.

## II. LAW AND ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 by creating a one-year period of limitation in which to file a section 2255 motion. Section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section.
>
> The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Due to Dickson not filing an appeal, his conviction became final thirty days after the judgment was signed. "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed...." United States v. Johnson, 457 U.S. 537, 542, n. 8, 102 S. Ct. 2579, 2582, n 8. (1982) (quotations and citations omitted). Applying this provision, Dickson's section 2255 motion became time-barred at the end of December of 2004–one year plus thirty days from the date his judgment became final. Dickson's current motion, however, was not filed until September of 2013, well after the expiration of the time limitation. Therefore, his motion is untimely.

Accordingly, **IT IS ORDERED** that Dickson's motion to vacate, set aside, or correct his sentence under section 2255 (Record Document 87) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 18th day of September, 2013.

_____
JUDGE TOM STAGG

3